*772 Contracts; Wunderlich Act review; default termination; failure to make timely delivery; waiver of default. — Plaintiff seeks review under Wunderlich Act standards of a decision of the ASBCA upholding the default termination, based upon failure to deliver, of a contract to produce field change kits for a radar unit for use aboard Navy ships. Defendant supplied plaintiff with a radar set so that plaintiff could interface it with the circuitry it was to design and build. Plaintiff contends that the radar set was defective, thereby preventing timely production of a first article, that the set was not suitable for its intended use in that it exhibited excessive electromagnetic leakage, which prevented the automatic frequency control from performing its assigned function, and that the termination was invalid because the Government waived the right to terminate by waiting too long (63 days) after passage of the deadline for delivery of the production items, and because it waived the deadline for submission of the first article test report, failing thereafter to establish a new date for the report. On March 31, 1980 Trial Judge George Willi filed a recommended opinion (reported in full at 27 CCF para. 80,311) sustaining the board’s decision. The trial judge found that the radar set furnished plaintiff was representative of radar sets in fleet service with which plaintiffs change kit would have to operate. Also, the leakage complained of was typical of the radar set. Plaintiff had therefore compensated for it by proposing to use a "swept” automatic frequency control, but had abandoned it during attempted performance of the contract. Moreover, even if the set supplied was defective, plaintiff failed to show that the alleged defect delayed its performance of the contract as a whole. The trial judge concluded that defendant had not waived its right to terminate the contract for default, its forbearance being a reasonable period in which to consider plaintiffs claims, allow it to demonstrate the defects alleged to be present in the set, and correct its technical problems. Also, the waiver of the first article test report submission date did not affect the viability of the preexisting deadline for end-product delivery. On July 25, 1980 the court, by order, adopted the recommended decision as the basis for its judgment in this case, denied plaintiffs motion for summary judgment, *773 granted defendant’s motion for summary judgment, and dismissed the petition.